# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>**THE USE OF A CELL-SITE SIMULATOR TO LOCATE<br>A CELLULAR DEVICE WITH SERVICE BY T-MOBILE<br>PURSUANT TO RULE 41 AND 18 U.S.C. § 2703 FOR<br>INVESTIGATION OF VIOLATIONS OF 18 U.S.C. 922(g)<br>and 1073** | )<br>)<br>)   Case No. 20-SC-3276<br>)<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____ District of ___Columbia___, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922 (g)1 | - Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year |
| 18 U.S.C. § 1073 | - Unlawful flight to avoid prosecution |

The application is based on these facts:
SEE AFFIDAVIT

☐ Continued on the attached sheet.

☑ Delayed notice of 30 days *(give exact ending date if more than 30 days: 12/23/2021 )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Deputy United States Marshal Gregory Connor, USMS
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___Telephone___ *(specify reliable electronic means)*.

Date: 12/23/2020

*Judge's signature*

City and state: Washington, D.C.   Zia M. Faruqui, United States Magistrate Judge
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means      ☑ Original      ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>**THE USE OF A CELL-SITE SIMULATOR TO LOCATE<br>A CELLULAR DEVICE WITH SERVICE BY T-MOBILE<br>PURSUANT TO RULE 41  AND 18 U.S.C. § 2703 FOR<br>INVESTIGATION OF VIOLATIONS OF 18 U.S.C. 922(g)<br>and 1073** | Case No.  20-SC-3276 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ Columbia
*(identify the person or describe the property to be searched and give its location)*:

   SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

   SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before     January 4, 2021     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Zia M. Faruqui     .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for ____ days *(not to exceed 30)*     ☑ until, the facts justifying, the later specific date of     12/23/2021     .

Date and time issued:     12/23/2020
                                                                              *Judge's signature*

City and state:     Washington, D.C.                   Zia M. Faruqui, United States Magistrate Judge
                                                                              *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 20-SC-3276 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br> Date: _____ <br><br> _____ <br> *Executing officer's signature* <br><br> _____ <br> *Printed name and title* |

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (334) 413-0081, whose wireless provider is T-Mobile and is believed by law enforcement to be used by Shawn GRAY.

## **ATTACHMENT B**

Pursuant to an investigation of Shawn Gray for a violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 1073, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

AO 95
(Rev. 09/12)

# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

## DELAYED-NOTICE SEARCH WARRANT REPORT

The information on this form should be submitted each time judicial action is taken on an application for a delayed-notice search warrant or for an extension of a delayed-notice period. See 18 U.S.C. § 3103a(d)(1).
NOTE: If an extension to the notice period is requested, information will need to be submitted for each extension.

**Please enter the information on this form into the InfoWeb Delayed-Notice Search Warrant Reporting System on the J-Net or into CM/ECF version 6.0 or later, if available.**

For more information, see the Delayed-Notice Search Warrant page on the J-Net.

1. **Name of Judge:** Zia M. Faruqui, United States Magistrate Judge   ( ☐ check if state court judge)

2. **Federal Judicial District:** District of Columbia

3. **Date of Application for Delayed Notice:** 12/23/2020

4. **Offense (Most Serious) Specified:**
   ☐ Drugs   ☐ Fraud   ☐ Weapons   ☐ Immigration   ☐ Terrorism
   ☐ Sex Offenses   ☐ Theft   ☐ Kidnapping   ☐ Tax
   ☐ Extortion/Racketeering   ☑ Fugitive/Escape/Supervised Release Violation
   ☐ Other *(specify)*:

5. **Type of Application:**   ☑ Initial request for delay
   ☐ Extension of previously authorized delay
   *(Number of extensions previously granted: _____ )*

6. **Judicial Action Taken:**   ☐ Denied   ☐ Granted   ☐ Granted as modified

7. **Case Number (e.g., 'mc' Number) of Warrant:**   _____ : 20 - sc - 3276
   office    year    type    number

8. **Period of Delay Authorized in This Action (days):** 30

9. **Preparer's Name:** John Dominguez          **Title:** Assistant United States Attorney
   **Phone number:** (202) 252-7684            **Date of report:** 12/23/2020

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE USE OF A CELL-SITE SIMULATOR TO LOCATE A CELLULAR DEVICE WITH SERVICE BY T-MOBILE PURSUANT TO RULE 41  AND 18 U.S.C. § 2703 FOR INVESTIGATION OF VIOLATIONS OF 18 U.S.C. 922(g) and 1073** | **Case No. 20-SC-3276**<br><br>**UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Gregory Conner**,** being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (334) 413-0081, (also referred to as the "Target Cellular Device"), which is described in Attachment A.

2. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. Your affiant is a Deputy United States Marshal with the United States Marshals Service and, as such, is charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. I have been a law enforcement officer in the District of Columbia for approximately 15 years. I have been a Deputy United States Marshal for approximately 10 years. I am currently detailed from the United States Marshals

Service Fugitive Investigations Section to the Federal Bureau of Investigation District of Columbia Violent Crimes Task Force (DCVCTF) as a Task Force Officer. Through my employment with the United States Marshals Service, I have gained knowledge in the use of various investigative techniques including the utilization of physical surveillance, confidential informants, investigative interviews, analyzing telephone and social media pen register data, and the execution of arrest warrants. I have also handled numerous District of Columbia Superior Court search warrants involving the use of cell-site simulators, like the one in this affidavit.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because law enforcement has confirmed the Target Cellular Device is used by Shawn GRAY (GRAY), who is a resident of the District of Columbia. Your affiant has conducted an extensive background investigation into GRAY as part of the fugitive investigation to locate GRAY. Per Probation Records, GRAY is a lifelong resident of the District of Columbia. GRAY is the father of three children who currently reside in the District of Columbia. GRAY's last documented contact with law enforcement was in the District of Columbia on 09/04/2020. GRAY has a valid District of Columbia Driver's License. On 11/01/2020, GRAY reported a District of Columbia address on an online prepaid visa card registration. GRAY was last observed by DCVCTF members on 12/07/2020 at a family birthday party at a Chuck E. Cheese

restaurant in Largo Maryland. The birthday party was for the three-year-old niece of GRAY. The niece and her family reside in the District of Columbia and traveled from the District of Columbia to Largo Maryland for the birthday party. DCVCTF members observed GRAY operating a vehicle while leaving the Chuck E. Cheese and attempted to conduct mobile surveillance. It is believed that GRAY identified surveillance officers as GRAY headed toward the District of Columbia because GRAY increased his vehicle's speed, ran red lights, drove into opposing traffic, and otherwise actively sought to elude capture. GRAY was not pursued as DCVCTF members judged that pursuit would likely cause car crashes and otherwise jeopardize the safety of others. GRAY was last seen in the area of Southern Avenue and East Capitol Street on the District of Columbia and Maryland line. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued. Based on the facts set forth in this affidavit, GRAY remains a fugitive from justice. He was indicted in the U.S. District Court for the District of Columbia for a violation of 18 U.S.C. § 922(g)(1) (Criminal Case No. 20-CR-0191(CKK)) on September 17, 2020, and a bench warrant was issued for his arrest on the same day.  There is also probable cause to believe that GRAY is aware of these charges and is actively evading arrest as described in the probable cause section of this affidavit below.  There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting GRAY because it is reasonable to expect that he is in possession of the target cell phone and locating the phone will also locate GRAY.  GRAY is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4). In its June 2018 decision in *United States v. Carpenter*, the Supreme Court ruled that a warrant is required to compel the production of historical cell-site records for a period of seven days or more. This warrant seeks authority, not to obtain historical cell site records, but to obtain prospective cell-site

location information for a period of thirty (30) days, in hopes that in locating a physical cell phone, agents will be able to locate the fugitive Shawn Gray. The device used by law enforcement officers to locate the target cell phone is called a cell site simulator. It is similar to the mobile tracking device authorized under 18 U.S.C. § 3117, but differs from a tracking device because it simulates a cell tower. The cell site simulator electronically interrogates a cell phone prompting an automatic reply electronically as if it were in communication with an actual cell phone tower. In any event, the affiant assumes that a search warrant is likely to be required to use a cell site simulator even though the device does not capture content of communications and even though the U.S. Supreme Court has not yet ruled that a warrant is required for use of this device. It does enable searchers to locate a cell phone without implementation of an actual mobile tracking mechanism and the Supreme Court rulings suggest that cell phone locations is protected privacy under the Fourth Amendment.

5. A cell site simulator, frequently referred to as a Stingray or IMSI catcher, is a device that masquerades as a cell tower. If the cell phone is in the vicinity of the impersonated cell tower, and it is turned on, the target cell phone will surreptitiously share information with the cell site simulator, thereby enabling law enforcement to home in on the target cell phone.

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as with Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore also includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

**PROBABLE CAUSE**

7. On September 17, 2020, an Arrest Warrant was issued in case 1:20-CR-00191(CKK) following a United States District Court for the District of Columbia Grand Jury action which indicted GRAY on one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. §922(g)(1). The indictment was based on evidence that officers of the Metropolitan Police Department recovered a loaded firearm with a high capacity magazine from GRAY's person on September 4, 2020 in the District of Columbia. In addition, on October 6, 2020, a Probation Violation Arrest Warrant was issued for GRAY in case 1:13-CR-00110 by the United States District Court for the District of Columbia. GRAY is on Probation in case 1:13-CR-00110 following a conviction for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation 18 U.S.C. § 922(g)(1) and Assault with a Deadly Weapon, in violation of Title 22 District of Columbia Code Section 402. The underlying facts in case 1:13-CR-00110 show GRAY possessed a firearm and fired shots at a vehicle driven by Metropolitan Police Department Officers.

8. Your Affiant has been assisting the Federal Bureau of Investigation District of Columbia Violent Crimes Task Force ("DCVCTF") attempting to locate and arrest GRAY since September 17, 2020.

9. Since that date, Your Affiant has exhausted more traditional investigative techniques and measures to locate GRAY.

10. For example, on September 28, 2020, DCVCTF Members spoke with GRAY's United States Probation Officer Pasquinucci SLADE. SLADE stated she frequently had contact with GRAY on phone numbers (240) 860-5890 and (404) 993-8693 during GRAY's term of probation. SLADE last had phone contact with GRAY on September 24, 2020, via phone number (240) 860-5890. During the phone contact on September 24, 2020, SLADE scheduled a home visit with GRAY at 4738 South Capitol Terrace SW, Unit B, Washington, D.C.

11. On September 29, 2020, SLADE contacted DCVCTF Members and stated she would not be able to make the home visit appointment on that day, but did not inform GRAY of this. That same day, DCVCTF Members attempted to locate GRAY at 4738 South Capitol Terrace SW, Unit B, Washington, D.C. during the time period of the scheduled home visit. GRAY was not located at 4738 South Capitol Terrace SW, Unit B, Washington, D.C.

12. On September 30, 2020, SLADE contacted DCVCTF Members stating she was on the other line with GRAY. SLADE stated GRAY informed SLADE that GRAY would turn himself in on the warrant today. GRAY was instructed by SLADE to turn himself in at 601 4th Street NW Washington, D.C. SLADE later sent a group text message to GRAY on (404) 993-8693 and DCVCTF Members providing GRAY with a point of contact to turn himself in on the warrant. To date, GRAY has not turned himself in on the warrant or contacted DCVCTF Members. Nevertheless, GRAY is aware of the existence of the warrant.

13. On October 8, 2020, DCVCTF Members interviewed a source familiar with GRAY. The source stated that it had used phone numbers (240) 860-5890 and (404) 993-8693 to get in contact with GRAY since GRAY's release from prison. That same day, further investigation by DCVCTF Members into phone numbers (240) 860-5890 and (404) 993-8693

6

revealed that they are no longer in service or no longer associated with GRAY. DCVCTF Members believe GRAY discontinued the use of phone numbers (240) 860-5890 and (404) 993-8693 to avoid apprehension by law enforcement.

14.     On November 13, 2020, DCVCTF Members received information from law enforcement partners that a Shawn Gray with a date of birth of 12/31/1990 purchased a Green Dot Prepaid VISA card online. The card was purchased on November 1, 2020. During the registration process for the card, the purchaser provided a cellular phone number of (334) 413-0081, an address of 2900 14th Street NW, Apartment 210, Washington, D.C., and an email address of grayshawn454@gmail.com.

15.     GRAY is the biological brother of Tevon BRENT. GRAY and BRENT were documented as the victims of a shooting in the Trinidad neighborhood of Washington, D.C. on June 11, 2020 in a Metropolitan Police Department report under CCN 20086354.

16.     On October 21, 2020, a District of Columbia Superior Court Judge issued arrest warrant 2020CRW004698 for the arrest of BRENT. On October 23, 2020, pursuant to a fugitive investigation to locate BRENT, law enforcement partners obtained District of Columbia Superior Court Search Warrant 2020-CSW-4748. The warrant authorized law enforcement partners to obtain records relating to phone number (202) 520-4641, the known phone number of BRENT. Law enforcement partners believe BRENT learned of the fugitive investigation and discontinued the use of phone number (202) 520-4641 on October 27, 2020. To date, BRENT is a fugitive from justice with his current location being unknown.

17. On December 3, 2020, records for phone number (202) 520-4641, obtained pursuant to Search Warrant 2020-CSW-4748, were shared with DCVCTF Members. The records for phone number (202) 520-4641 began on June 11, 2020 and ended on October 27, 2020. A review of the records revealed the following:

- BRENT's phone number, (202) 520-4641, was in contact with (240) 860-5890, a known phone number of GRAY, 278 times beginning on June 11, 2020 and ending on September 3, 2020.

- BRENT's phone number, (202) 520-4641, was in contact with (404) 993-8693, a known phone number of GRAY, 37 times beginning on September 7, 2020 and ending on October 6, 2020.

- BRENT's phone number, (202) 520-4641, was in contact with (334) 413-0081, the phone number provided during GRAY's online purchase of a Green Dot prepaid Visa card on November 1 2020, 28 times beginning on October 8, 2020 and ending on October 23, 2020.

Call records from Search Warrant 2020-CSW-4748 thus showed data consistent with GRAY utilizing phone number (240) 860-5890, then switching to phone number (404) 993-8693, and now utilizing phone number (334) 413-0081. Based on your affiant's training and experience, your affiant believes it is common knowledge amongst individuals in the District of Columbia who are attempting to evade arrest that law enforcement can track cellular devices to locate and apprehend fugitives. Therefore, fugitives commonly change the cellular device they are using to evade apprehension be law enforcement. As of this filing, an open source Whooster Phone Database

query of phone number (334) 413-0081, reveals phone number (334) 413-0081 is an active T-Mobile wireless number and not disconnected.

16. As recently as December 7, 2020, law enforcement officers have seen GRAY in the D.C. metropolitan area. On that date, fugitive task force officers, including your affiant, observed GRAY attending a family event at the Chuck E. Cheese restaurant in Largo, Prince George County, Maryland. The affiant observed him entering and driving a vehicle there. Unmarked police surveillance cars followed him. It is believed that he identified surveillance officers as he headed toward the District of Columbia because he increased his vehicle's speed, ran red lights, drove into opposing traffic, and otherwise actively sought to elude capture. GRAY was not pursued as DCVCTF members judged that pursuit would likely cause car crashes and otherwise jeopardize the safety of others. This circumstance demonstrates that the defendant is aware that he continues to remain a fugitive from justice and is still in the D.C. area.

17. At the date of this submission, GRAY knowingly remains a fugitive from justice, in violation of 18 U.S.C. § 1073, and has not been arrested on the other active warrants.

18. Based on the information above, your affiant believes probable cause exists that phone number (334) 413-0081 is the current phone number being utilized by GRAY. Your affiant requests a warrant for phone number (334) 413-0081 to pinpoint the exact location where GRAY may be when he utilizes the phone. This information will allow DCVCTF Members to safety arrest GRAY pursuant to the active warrants.

## **MANNER OF EXECUTION**

19. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

20. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

21. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the

Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

22. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

23. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until thirty (30) days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, by causing him to "drop" his phone, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

25. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. While the indictment is not under seal (and GRAY is aware of the warrants at issue), he (and others that may be assisting him) are unaware of the extent of law enforcement's investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

26. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Date: December 23, 2020                                  Respectfully submitted,

 

Gregory Connor
Deputy United States Marshal
United States Marshals Service

*Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on December 23, 2020.*

 

ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA